**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY A. O'CONNOR, | No. 12-16511 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02264-JAT |
| v. | |
| SCOTTSDALE HEALTHCARE CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted June 25, 2014[**]

Before:    HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Kimberly A. O'Connor appeals pro se from the district court's judgment

dismissing for lack of standing her action alleging a violation of the Americans

with Disabilities Act ("ADA") and various state law claims.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 837 (9th Cir. 2007) (interpretation of the ADA); *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (dismissal for lack of standing). We affirm.

The district court properly dismissed O'Connor's ADA claim because O'Connor failed to allege a concrete and particularized injury-in-fact traceable to defendants' conduct in delaying O'Connor's access to a hospital's premises with her service dog. *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (setting forth elements of standing to allege a claim under Title III of the ADA); *Skaff*, 506 F.3d at 835-36 (wheelchair-bound paraplegic lacked standing as to his ADA claim arising from a one-hour delay in getting a hotel room with a roll-in shower and portable shower chair). Moreover, O'Connor failed to establish a "'real and immediate threat of repeated injury' in the future" to pursue injunctive relief under the ADA. *Chapman*, 631 F.3d at 946 (citation omitted).

The district court did not abuse its discretion by denying O'Connor leave to amend because amendment would be futile. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (setting forth standard of review and noting that district court does not abuse its discretion by denying leave to amend where amendment would be futile).

The district court did not abuse its discretion by denying reconsideration because O'Connor failed to establish grounds for such relief. *See* D. Ariz. Loc. R. 7.2(g)(1) (setting forth grounds for reconsideration); *Hilton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (reviewing application of local rules for an abuse of discretion); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

Defendants' contention that O'Connor's motion for reconsideration did not constitute a tolling motion for purposes of filing her notice of appeal is unpersuasive. *See* Fed. R. App. P. 4(a)(1)(4)(A)(iv) & (vi).

**AFFIRMED.**